FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAR 22 A 9 09
CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DARNELL D. COLLINS,

   Petitioner,

v.               CIVIL ACTION NO.: CV612-102

JOHN T. JEANES,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Darnell Collins ("Collins"), who is currently incarcerated at Dodge State Prison in Chester, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 to challenge his conviction obtained in Toombs County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Collins filed a Response and Brief in Support. For the reasons which follow, Respondent's Motion should be **GRANTED** and Collins' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Collins was convicted, after pleading guilty, in Toombs County Superior Court of possession of cocaine, driving with a suspended license, and driving under the influence on February 28, 2008. Collins did not pursue a direct appeal of his convictions and sentences. Collins filed a petition for habeas corpus relief in the Chatham County Superior Court on November 9, 2008; following an evidentiary hearing, his petition was denied on June 19, 2009. Collins filed an application for

certificate of probable cause to appeal the denial of his state habeas petition, and the Georgia Supreme Court denied Collins' application on November 2, 2009. Collins' motion for reconsideration to the Georgia Supreme Court was denied December 15, 2009.

Collins filed a petition for federal habeas corpus relief in this Court on April 9, 2010. Collins asserted that his guilty plea was not made voluntarily, and he was without understanding of the nature of the charges. Collins also asserted the prosecution failed to disclose favorable evidence, and that his guilty plea was obtained by use of a coerced confession. Collins further claimed that he received ineffective assistance of counsel, that the final disposition was incorrectly entered because he believed he was making an Alford[1] plea, and that he was medically impaired at the time he entered the guilty plea. (CV610-032, Doc. No. 1-1). The undersigned entered a Report recommending that Collins' petition be denied in part and dismissed in part. The undersigned found that, on Petitioner's claims regarding the voluntariness of his plea and medical impairment, Collins did not show that the state court's decision should not be given deference under 28 U.S.C. §2254(d), and that Collins' other claims were procedurally barred as he did not show cause for his failure to bring those claims in his original state habeas corpus petition. (CV610-032, Doc. No. 17). Although Collins filed objections to the Report, the Honorable B. Avant Edenfield adopted the Recommendation as the opinion of the Court and denied relief on November 23, 2010. (CV610-032, Doc. No. 20). Collins sought relief from the denial of his federal habeas corpus petition from the Eleventh Circuit Court of Appeals, and his motion for certificate

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

of appealability was denied on May 5, 2011. <u>Collins v. Tatum</u>, No. 10-15946-G (11th Cir. May 5, 2011).

In this petition, Collins again challenges his Toombs County convictions on a bevy of grounds. Collins alleges several violations of due process, including that: "the exhaustion requirement of 28 U.S.C. § 2254 is not jurisdictional", the "sentencing court failed to adhere to the procedural requirements of O.C.G.A. § 17-10-2", the state court failed to adhere to procedural requirements of Rule 26.1 and Rule 26.2 of the Uniform Rules for the Superior Courts, and an allegation of improper or excessive sentencing. (Doc. No. 1, pp. 6-24). Collins also challenges his convictions based on the allegation that he did not waive indictment by a grand jury and was thus denied due process. Further, Collins contends he was denied effective assistance of counsel and was subjected to double jeopardy. The petition contains a host of other complaints, including allegations that: Collins' plea was made involuntarily because the State breached its plea deal, Collins was not advised of his right to counsel on appeal, and Collins was never served with notice of recidivist punishment. Respondent asserts Collins' petition should be dismissed because his petition is successive and this Court lacks jurisdiction over the petition.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent contends this Court lacks jurisdiction under 28 U.S.C. §2244, the "gatekeeping provision" for successive petitions. Respondent alleges Collins has not sought permission from the Eleventh Circuit Court of Appeals to file a second or successive petition in accordance with 28 U.S.C. §2244(b)(3). Respondent further suggests that it is unnecessary to transfer this case to the Eleventh Circuit for

3

consideration of whether Collins should be granted authorization to proceed in this second or successive petition because his claims are time-barred under 28 U.S.C. §2244(d).

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Through this "gatekeeping" provision, a second or successive application is transferred from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). This procedure under section 1631 "allows a district court to transfer a case over which it lacks jurisdiction if such a transfer is 'in the interest of justice.'" Partee v. Atty. Gen., Georgia, 451 F. App'x 856, 858 (11th Cir. 2012). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
> 
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*–
> 
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > 
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> > 
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no

AO 72A
(Rev. 8/82)

> reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Collins has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain this successive petition. While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case. Collins' petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Any claims for relief in this action which Collins previously set forth in his prior application would be dismissed. 28 U.S.C. § 2244(b)(1). Additionally, Collins has failed to show that any claims in this case which were not set forth in his prior application—such as his "due process" claims and contentions regarding the sufficiency of the indictment[2]—fit within the exceptions of section 2244(b)(2)(B).

Collins, for the first time in his Brief in Support of the instant petition, seeks to characterize his motion as being made pursuant to Rule 60(b)(4). (Doc. No. 21). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). A Rule 60(b) motion may be used in certain circumstances where a petitioner "does not assert, or reassert, claims of error in [his] state conviction. For example, a 60(b) motion can properly be used just to assert[ ] that a previous ruling which precluded a merits determination was in error, or just to attack "some defect in the integrity of the federal

---

[2] Even though Collins characterized these allegations under a variety of names, all of Collins' allegations stem from the same basic grounds presented in his first petition—that his guilty plea was procured through improper means and he was denied effective assistance of counsel, and thus, his sentence and incarceration are illegal as well.

habeas proceedings." Franqui v. Florida, 638 F.3d 1368, 1371 (11th Cir. 2011) (citations omitted). Accordingly, a Rule 60(b) motion cannot be used by a petitioner in order to bypass the stringent requirements contained in section 2244(b). Id. In the instant petition, Collins does not attack the integrity of the previous federal habeas corpus proceedings. Instead, Collins reasserts claims of error stemming from his state conviction. Therefore, a Rule 60(b) motion would be an improper attempt to circumvent the section 2244 process.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Collins' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 22 day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE